Filed 8/5/22 Granado v. Faqih CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| HEATHER GRANADO, | |
| Plaintiff and Respondent, | E076010 |
| v. | (Super.Ct.No. COC2003299) |
| JASMINE CHRISTINE FAQIH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Craig G. Riemer, Judge. Dismissed.

Ensberg Law Group and Stephen E. Ensberg, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this restraining order action, defendant and appellant Jasmine Christine Faqih contends that the trial court erred when it granted plaintiff and respondent Heather Granado's civil harassment restraining order against her. We dismiss the appeal as moot.

On July 30, 2020, Granado filed a request for a civil harassment restraining order against Faqih, her landlord. (See Civ. Code, § 527.6.) Granado alleged that Faqih had

1

made unwanted advances toward her and then tried to evict her and her family when she asked Faqih to stop. Granado also alleged various other forms of harassment, including one incident where Faqih and her father went to Granado's home in Corona, pounded on the door, and were physically and verbally abusive to Granado and her family.

Following a hearing in August 2020, the trial court issued a restraining order against Faqih. The restraining order was to last one year, until August 2021. Faqih appealed.

The restraining order expired while the appeal was pending. In March 2022, we directed Faqih to submit supplemental briefing on the issue of mootness. Because Granado never filed a respondent's brief, we did not request supplemental briefing from her.

""""If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot."""" (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484.) "'When no effective relief can be granted, an appeal is moot and will be dismissed.'" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)

"However, 'there are three discretionary exceptions to the rules regarding mootness: (1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination

[citation].'" (*Environmental Charter High School v. Centinela Valley Union High School Dist.* (2004) 122 Cal.App.4th 139, 144.)

None of the exceptions justify hearing the appeal on the merits here. First, whether Faqih committed certain actions that Granado alleged justifying a restraining order is not "'an issue of broad public interest.'" (*Environmental Charter High School v. Centinela Valley Union High School Dist.*, *supra*, 122 Cal.App.4th at p. 144.) Faqih has not attempted to argue otherwise.

Second, the record does not demonstrate that there will likely be a recurrence of the controversy between the parties. Significantly, this exception applies where "'there may be a recurrence of the *same* controversy between the parties.'" (*City of Hollister v. Monterey Ins. Co.* (2008) 165 Cal.App.4th 455, 480, italics added.) Although Faqih contends in her supplemental brief that Granado has "mindlessly file[d] claim after claim" against her, nothing suggests that they raise the *same* controversy. There is no indication, for example, that those lawsuits similarly seek a restraining order, or even that they assert claims arising from the same facts as those that persuaded the trial court to issue a restraining order here. (Actually, even the claim that Granado has filed claims against Faqih is unsupported, as the cases Faqih refers to are *criminal* cases—in other words, brought by a prosecutor—where Faqih is the defendant.)

Third, there is no remaining material question for the court to decide. Faqih's assertion that the existence of the restraining order is damaging to her "professional reputation[] as a real estate agent" is speculative. By way of contrast, in *In re Cassandra*

3

*B.* (2004) 125 Cal.App.4th 199, the Court of Appeal determined in a juvenile dependency case that a mother's appeal on a predispositional restraining order was not moot because, under *specific* provisions in the Family Code and the Welfare and Institutions Code, the existence of prior orders made future ones easier to obtain. (See *id.* at pp. 209-210, citing Fam. Code, § 6306, subd. (a) & Welf. & Ins. Code, § 213.5, subd. (k)(2).) Here, Faqih merely analogizes her situation (without citation to authority) to that of a lawyer facing disciplinary action by the State Bar, and she separately claims that she could be "subject to potential claims . . . as related to her being a real estate agent," broadly citing the Real Estate Law (Bus. & Prof. Code, § 10000 et seq.) without further elaboration. We construe Faqih's lack of citation to a specific, relevant provision subjecting her to increased exposure to liability as a concession that none exists.

This case is not like *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, where the Court of Appeal determined that an appeal on a civil harassment restraining order (like the one at issue here) was not moot; there, the order had been renewed prior to its expiration. (*Id.* at pp. 495-496.) Nothing in the record suggests that there was a similar renewal here. In sum, the case is moot, and we decline to exercise our discretion to decide it on the merits.

## DISPOSITION

The appeal is dismissed.  The parties shall each bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAPHAEL_____
                                                                                                          J.


We concur:

McKINSTER_____
                    Acting P. J.
FIELDS_____
                    J.